UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIAH MUFFULETTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:12CV1982 JCH |
| | ) |
| CLIENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., for alleged race and gender discrimination, as well as retaliation.  Plaintiff also alleges that she was subjected to a hostile work environment.  Plaintiff attached two right to sue letters to her complaint:  one from the Equal Employment Opportunity Commission ("EEOC") dated June 18, 2012 and one from the Missouri Commission on Human Rights ("MCHR") dated August 7, 2012.  Plaintiff filed this lawsuit on October 23, 2012.

A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action.  42 U.S.C. § 2000e-5(f).  Failure to file a timely civil action warrants dismissal of the complaint.  E.g., Braxton v. Bi-State Development Agency, 728 F.2d  1105, 1108 (8th Cir. 1984).

The ninety-day period from the date of the receipt of the EEOC right to sue letter elapsed on approximately Monday, September 17, 2012.  Plaintiff did not file her suit until approximately a month after the ninety-day period ended.  As a result, the complaint appears to be time-barred.[1]

---

[1] The ninety-day time period from the date of the receipt of the MCHR right to sue letter elapsed on approximately Monday, November 5, 2012.  Although plaintiff has attached the MCHR right to sue to the instant complaint, there is no indication in the complaint that she is proceeding with a discrimination or retaliation claim under the Missouri Human Rights Act against defendant.  Moreover, if plaintiff's EEOC claims are in fact time-barred, this Court would lack jurisdiction over any state-law discrimination claims.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty (20) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 16th day of November, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE