UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIAH MUFFULETTO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12CV1982 JCH ) |
| CLIENT SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to the Order to Show Cause.[1] Having carefully reviewed plaintiff's response, the Court concludes that her arguments are without merit and that the instant action is time-barred under 42 U.S.C. § 2000e-5(f).

### **Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged race and gender discrimination, as well as retaliation.  Plaintiff also alleges that she was subjected to a hostile work environment.  Plaintiff attached two right to sue letters to her complaint:  one from

---

[1] On November 16, 2012 this Court ordered plaintiff to show cause why her pro se employment discrimination complaint brought pursuant to 42 U.S.C. § 2000e, *et seq.*, should not be dismissed as time-barred.

the Equal Employment Opportunity Commission ("EEOC") dated June 18, 2012 and one from the Missouri Commission on Human Rights ("MCHR") dated August 7, 2012. Plaintiff filed this lawsuit on October 23, 2012.

## Discussion

A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the date of the receipt of the EEOC right to sue letter elapsed on approximately Monday, September 17, 2012. Plaintiff did not file her suit until approximately a month after the ninety-day period ended.[2] As a result, plaintiff's claims brought pursuant to Title VII are time-barred unless equitable tolling applies to her claims.

In her response to the Order to Show Cause, plaintiff asserts that she has been trying to retain an attorney for her case because she was unsure of how to file

---

[2]The ninety-day time period from the date of the receipt of the MCHR right to sue letter elapsed on approximately Monday, November 5, 2012. Although plaintiff has attached the MCHR right to sue to the instant complaint, there is no indication in the complaint that she is proceeding with a discrimination or retaliation claim under the Missouri Human Rights Act against defendant.

an action pro se. She additionally states that she was attempting to settle her claim with defendants prior to filing a lawsuit in this Court.

In Turner v. Bowen, 862 F.2d 708 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit explained the kinds of circumstances that can support the equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979).

Turner, 862 F.2d at 710; see also, Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction). Equitable tolling, however, is an exceedingly narrow window of relief. Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal

ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.  Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad v. Hvass, 267 F.3d 803, 805-07 (8th Cir. 2001) (unsuccessful search for counsel could not warrant equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by plaintiff are not extraordinary, nor are they outside of plaintiff's control.  As a result, the complaint is time-barred and will be dismissed.

Moreover, to the extent that plaintiff does, indeed, have state law claims for discrimination or retaliation against defendant, the Court will decline to exercise jurisdiction over any such unarticulated claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint, brought pursuant to 42 U.S.C. § 2000e, et seq., is **DISMISSED** as time-barred. 42 U.S.C. § 2000e-5(f).

**IT IS FURTHER ORDERED** that to the extent that plaintiff has any unarticulated state law discrimination or retaliation claims against defendant, the

-4-

Court declines to exercise supplemental jurisdiction over these claims.  28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

Dated this 13th day of December, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE